IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY COLVIN,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | NO: 1:17-CV-139 |
| VOLUSION, INC.<br>    Defendant. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gary Colvin ("Plaintiff" or "Mr. Colvin") brings this suit against Volusion, Inc., defendant ("Defendant" or "Volusion") and shows the Court and Jury as follows:

### I.  NATURE OF SUIT

1. This is an employment discrimination and retaliation suit. Defendant Volusion hired Mr. Colvin and regularly recognized him as a strong performer. After he began working at Volusion, Mr. Colvin was required to undergo surgery and ongoing medical treatment due to a serious hand injury. Volusion illegally terminated Mr. Colvin's employment because of his disability relating to his injured hand and in retaliation for engaging in legally protected activity relating to his medical situation.

### II.  PARTIES

2. Plaintiff Gary Colvin is an individual who resides in Williamson County, Texas and at all relevant times was an employee of Defendant.

3. Defendant Volusion, Inc. is a foreign for-profit business entity that is conducting business in Texas and throughout the United States. At all relevant times Defendant Volusion was Plaintiff's employer. Defendant Volusion, Inc. may be served with process pursuant to

1

Federal Rule of Civil Procedure 4(e)(1) by service on its registered agent for service, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 2601 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Affordable Care Act ("ACA"), 29 U.S.C. § 218C(a)(2).  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has pendant jurisdiction of Plaintiff's claims under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code, § 21.001 *et. seq*.

5.      Venue is proper in the Austin Division of the United States District Court for the Western District of Texas under 28 U.S.C. § 1391(b), because all or a substantial part of the events giving rise to this lawsuit occurred in the Austin Division and Travis County, Texas.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff filed a Charge of Discrimination within 180 days of his termination, on or about April 20, 2016, with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC").  On or about November 28, 2016, Plaintiff received a Notice of Right to File a Civil Action from the EEOC.  This action is being commenced within ninety (90) days of receipt of that notice.  Plaintiff has not received a Notice of Right to File a Civil Action from the TWC.  This action is being commenced within two years of the filing of Plaintiff's Charge of Discrimination with the TWC.

## V.  FACTUAL BACKGROUND

7. Volusion is a company with approximately 250 employees located in Austin, Texas that does website hosting for businesses and individuals.

8. Volusion hired Mr. Colvin in approximately November, 2014 to work as a Senior Systems Engineer.  Mr. Colvin has a extensive background and many years of experience working generally in information technology.

9. Volusion recognized Mr. Colvin's hard work and strong performance while Mr. Colvin worked at Volusion.  Volusion regularly paid Mr. Colvin performance bonuses, including one paid just days before Volusion terminated his employment.

10. In approximately April 2015, Mr. Colvin was scheduled seriously injured his right hand, which left him unable to fully use the hand and required him to undergo surgery and ongoing medical treatment.  The injury as well as the recovery from the surgery was painful and difficult for Mr. Colvin.  He continued to have serious problems with his hand, wore a cast and hand brace/supports, and had to go to physical therapy and seek further medical treatment.  Mr. Colvin's ability to use his hand, including working and typing on a computer, was restricted, at times very painful, and was a disability.

11. In spite of his hand disability, Mr. Colvin continued his strong performance at Volusion, working long hours and fulfilling his job duties.

12. When Mr. Colvin's hand injury continued to limit the use of his hand and required ongoing medical treatment, Volusion's supervisors began reacting negatively towards him and his medical situation.  For example, Volusion management repeatedly asked Mr. Colvin about the condition of his hand, repeatedly asked about when he would have to miss work

because of his medical treatment, repeatedly pointed out the work that might be effected because of his medical treatment, and generally conveyed a cold or negative attitude regarding his hand disability and need for medical treatment.

13. Because of Mr. Colvin's ongoing medical issues relating to his hand, Mr. Colvin was scheduled to have another hand surgery on or about November 2, 2015. Volusion was informed about the hand surgery in advance and Mr. Colvin requested additional time off for the surgery and his recovery.

14. On October 27, 2015, just five days before Mr. Colvin's scheduled hand surgery and need for time off, Volusion called Mr. Colvin into a meeting room and told him he was being terminated. When Mr. Colvin asked Sandra Nguyen, Vice President of People and Culture, why he was being fired, Ms. Nguyen responded stating words to the effect of "I'm not sure. I think it's performance related but I'll have to check into it." Contrary to Volusion's suggestion, Mr. Colvin's performance was strong and his performance was not deficient. Contrary to Volusion's normal practices and/or policies, Mr. Colvin had never received any disciplinary actions or counseling about his performance.

15. Volusion's claim that it terminated Mr. Colvin for performance reasons is fabricated, false and pretextual. Rather, Volusion illegally terminated Mr. Colvin because of his hand disability and/or issues relating to his ongoing medical situation.

## VI.  DISABILITY DISCRIMINATION AND RETALIATION

16. By this reference, Plaintiff hereby incorporates paragraphs 1-15 of this Complaint as if they were set forth within this cause of action. This cause of action is in addition to or in the alternative to other actions set forth within this Complaint.

17.     Mr. Colvin has satisfied all jurisdictional prerequisites in connection with his claims under the ADA and TCHRA.

18.     Defendant Volusion is an "employer" as defined by the ADA and TCHRA.

19.     Mr. Colvin has a disability within the meaning of the ADA and TCHRA in that he is substantially limited in a major life activity, has a record of such an impairment, and/or was regarded as having such an impairment.  Plaintiff is a qualified individual with disabilities within the meaning of the ADA and TCHRA who was and is able to perform the essential functions of his job with or without reasonable accommodations..

20.     Plaintiff requested reasonable accommodations relating to his disability, including but not limited to requesting time off for medical treatment relating to his hand including the surgery that scheduled in November 2015.

21.     Defendant violated the ADA and TCHRA by, *inter alia*, (a) retaliating against Plaintiff for requesting reasonable accommodations and asserting his rights; (b) interfering with or intimidating Plaintiff from taking such actions; © refusing and failing to provide Plaintiff with equal terms and conditions of employment, and other advantages and privileges of employment provided for non-disabled employees; (d) refusing to provide reasonable accommodations; and (e) terminating Plaintiff because of his disabilities and/or because he requested reasonable accommodations.

## VII.  FAMILY MEDICAL LEAVE ACT

22.     By this reference, Plaintiff hereby incorporates paragraphs 1-15 of this Complaint as if they were set forth within this cause of action.  This cause of action is in addition to or in the alternative to other actions set forth within this Complaint.

23. Defendant is an "employer" under the FMLA.

24. Plaintiff would have been eligible for FMLA leave on or about November 7, 2015, as he would have been employed for more than more than twelve months, worked more than 1,250 hours, and needed leave to care for a serious medical condition, including surgery on his hand and recovery from the surgery.

25. Plaintiff informed Defendant before he was terminated that he would soon be taking leave for a serious medical condition and surgery on his hand, and that he would need medical leave for the surgery and for recovery from the surgery. Such leave would be protected under the FMLA.

26. Defendant Volusion violated the FMLA by, *inter alia*, (a) interfering with, restraining, or denying the exercise or attempted exercise of Plaintiff's rights under the FMLA, (b) discriminating against and/or retaliating against Plaintiff for the exercise or attempted exercise of his FMLA rights, and © terminating Plaintiff's employment.

## VIII.  RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

27. By this reference, Plaintiff hereby incorporates paragraphs 1-15 of this Complaint as if they were set forth within this cause of action. This cause of action is in addition to or in the alternative to other actions set forth within this Complaint.

28. On or about October 22, 2015, Mr. Colvin's supervisor told Mr. Colvin that he must begin using Paid Time Off ("PTO") for doctor's appointments relating to his hand injury and upcoming surgery that required him to be away from the office for a relatively short amount of time (more than one hour). This directive was in spite of the fact that Mr. Colvin regularly

worked additional hours in excess of the time he took off for his medical care and in excess of 40 hours per week without any additional compensation.

29.     Mr. Colvin researched the issue, felt that he was being singled out, and believed that his supervisor's directive violated the FLSA.  Volusion classified Mr. Colvin as an "exempt" employee, he regularly worked hours in excess of 40 hours a week and hours that more than made up for any time missed at doctors appointments without compensation, he had not before been required to take paid time off for such doctor's or medical appointments, and other salaried employees had not been required to use PTO time for such doctor's appointments.

30.     On or about October 23, 2015, Mr. Colvin made a complaint to his supervisor about what he reasonably in good faith believed were violations of the FLSA.

31.     Less than five days after Mr. Colvin made the complaint about violations of the FLSA, Volusion terminated Mr. Colvin's employment for false reasons, in violation of the company's normal practices and policies, and in retaliation for Mr. Colvin's FLSA complaint.

32.      At all relevant times, Defendant acted, directly or indirectly, as an employer and in the interest of an employer with respect to Plaintiff within the meaning of the FLSA, including 29 U.S.C. § 203(d).

33.     At all relevant times, Defendant has been an "enterprise" within the meaning of the FLSA, including 29 U.S.C. § 203®.

34.     At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 203(s)(l), in that said enterprise has had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

35. At all relevant times, Plaintiff was an individual "employee" (as defined in Section 3(e)(l) of the FLSA, 29 U.S.C. § 203(e)(l)) who was engaged in commerce as required by 29 U.S.C. §§ 206-207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

36. Defendant Volusion illegally terminated Plaintiff's employment and retaliated against Plaintiff in violation of the FLSA, including 29 U.S.C. § 215(a)(3).

## IX.  RETALIATION UNDER THE AFFORDABLE CARE ACT

37. By this reference, Plaintiff hereby incorporates paragraphs 1-15 of this Complaint as if they were set forth within this cause of action.  This cause of action is in addition to or in the alternative to other actions set forth within this Complaint.

38. After Mr. Colvin injured his hand and needed to rely upon Volusion's medical insurance for his medical treatment, he ran into issues relating to Volusion's health insurance policy that caused him to reasonably believe that the policy did not comply with the Affordable Care Act.

39. Although Volusion's insurance plan apparently set limits on deductibles and out-of-pocket maximum payments based on a "plan year" that Volusion stated ran from December 1 to November 30, representatives of Volusion's health insurer, Aetna, told Mr. Colvin that the Volusion insurance plan also applied a "calendar year" beginning on January 1 through December 31.  As a result, Aetna told Mr. Colvin that if he had met 100 percent of his annual deductible and maximum payout amounts on or before November 30th and was in a major

accident on December 1st, his deductibles and maximum payout would not apply. Additionally, payments made in December would not apply to his deductibles or maximum payout over the following year. Thus the policy appeared to impose an 11 month "year" for certain coverage issues rather than a normal, full 12-month year, and effectively required employees to meet their deductibles and maximum out of pocket payout over 11 months, rather than a full calendar year.

40. Mr. Colvin objected about these issues with Volusion's health insurance to Volusion management, including human resources. Mr. Colvin stated his reasonable belief that the Volusion health insurance policy violated the ACA. Mr. Colvin also objected and expressed concern that other aspects of Volusion's health insurance and its administration violated the law, including failing to coordinate benefits with Mr. Colvin's prior medical insurance company and unauthorized disclosure of personal health information.

41. Defendant Volusion terminated Mr. Colvin because he objected that Volusion's health insurance and related practices violated the ACA. Volusion's termination of Mr. Colvin violated the anti-retaliation provisions of the ACA, including 29 U.S.C. § 218c. The actions that Mr. Colvin objected to and that he reasonably believed violated the ACA included violations or reasonably believed violations of sections 1302 of the ACA and the employer responsibilities imposed in Title 1 of the ACA, including sections 1511-1515. Other sections of the ACA may have also been violated.

## X. DAMAGES

42. As a direct and proximate result of Defendant's violations of law, Plaintiff has suffered actual economic damages in the form of lost wages and benefits (past and future) and other economic damages and losses. Plaintiff has also suffered real and serious emotional

distress, loss of enjoyment of life, and other compensatory damages and losses. Defendant Volusion engaged in illegal, discriminatory and/or retaliatory practices knowingly, with malice or reckless indifference to the protected rights of Plaintiff, and liquidated or punitive damages are necessary and appropriate in this case. Additionally, because of Defendant Volusion's illegal acts, it was necessary for Plaintiff to retain attorneys and incur attorneys fees, costs and expenses. Plaintiff requests an award of attorney fees, costs and expenses as provided by law, including the ADA, TCHRA, FMLA, FLSA, and ACA and any other applicable law.

## XI.  JURY DEMAND

43. Plaintiff requests a jury on all issues so triable.

## XII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, as a result of Defendant Volusion's violations of law, Plaintiff prays for all actual, economic, compensatory, liquidated and punitive damages, attorney fees, expert fees, expenses, costs and other damages or remedies, equitable, statutory or otherwise, that the Court finds just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)

By:   /s/   Robert W. Schmidt
   Robert W. Schmidt
   State Bar No. 17775429
   Schmidt@crewsfirm.com
   Joe K. Crews
   State Bar No. 05072500
   Crews@crewsfirm.com

ATTORNEYS FOR PLAINTIFF