**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GARY COLVIN** | § | |
| | § | |
| **V.** | § | **A-17-CV-139-LY** |
| | § | |
| **VOLUSION, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's 12(b)(6) Partial Motion to Dismiss (Dkt. No. 4); Plaintiff's Response (Dkt. No. 8); Defendant's Reply (Dkt. No. 9); and Plaintiff's Sur-Reply (Dkt. No. 10). The District Court referred the motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I. GENERAL BACKGROUND**

In November 2014, Volusion, Inc., a website hosting company located in Austin, Texas, hired Gary Colvin as a Senior Systems Engineer. After suffering an injury to his right hand, Colvin underwent surgery in April 2015. After the surgery, Colvin continued to have serious problems with his hand, which limited his ability to work and type on a computer. Colvin alleges that after his surgery, his supervisors began to treat him negatively because of his hand disability. He pleads:

> For example, Volusion management repeatedly asked Mr. Colvin about the condition of his hand, repeatedly asked about when he would have to miss work because of his medical treatment, repeatedly pointed out the work that might be effected because of his medical treatment, and generally conveyed a cold or negative attitude regarding his hand disability and need for medical treatment.

Dkt. No. 2 at ¶ 12. Because of continuous problems with his hand, Colvin informed his supervisors that he was scheduled to undergo a second hand surgery on November 2, 2015, and requested time

off for the surgery and recovery. On October 27, 2015, five days before his scheduled surgery, Volusion terminated Colvin for purported job performance issues. Colvin contends that he was terminated not because of job performance issues but because or his hand disability and ongoing medical treatment.

On February 24, 2017, Colvin filed this suit against Volusion, alleging that his termination violated the Americans with Disabilities Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Affordable Care Act, and the Texas Commission on Human Rights Act. In this motion, Volusion argues that the claims under the FMLA, FLSA and the ACA should be dismissed for failure to state a claim.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

### A.     FMLA Claims

The FMLA permits an employee to take up to twelve weeks of medical leave for their own serious medical condition or for the care of a family member with a serious medical condition. 29 U.S.C. § 2612(a)(1). The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave. *Id.* at § 2615(a)(1). The statute also makes it unlawful for an employer to discharge or retaliate against an employee for opposing the employer's unlawful FMLA practices. *Id.* at § 2615(a)(2). Colvin alleges both an interference claim, and a retaliation claim under the FMLA, contending that Volusion: (a) interfered with, restrained, or denied the exercise or attempted exercise of his FMLA rights; (b) discriminated or retaliated against him for exercising or attempting to exercise his FMLA rights, and (c) terminated him because he exercised his rights FMLA rights. Dkt. No. 2 at ¶ 26. Volusion contends that all of Colvin's FMLA claims should be dismissed because he was never eligible for FMLA leave.

#### 1.     Interference Claim

Colvin alleges that Volusion interfered with the exercise of his rights under the FMLA by terminating his employment after he notified his supervisors that he would be taking FMLA leave on November 2, 2015, for his hand surgery and recovery. Colvin's Complaint concedes that he was not eligible for FMLA leave when he was terminated, stating that he "would have been eligible for FMLA leave on November 7, 2015, as he would have been employed for more than twelve months . . . ." Dkt. No. 2 at ¶ 24. To establish a prima facie case of interference under the FMLA,

3

among other things, a plaintiff must show he was an eligible employee. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Under the FMLA, an "eligible employee" is one who has been employed "for at least 12 months," has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the leave and is employed at a worksite where 50 or more employees are employed. 29 C.F.R. § 825.110(a). Volusion argues that Colvin was not an "eligible employee" under the Act since he had not been employed for 12 months at the time he requested leave in October 2015.

"The determination of whether an employee . . . has been employed by the employer for a total of at least 12 months must be made *as of the date the FMLA leave is to start*." 29 C.F.R. § 825.110(d) (emphasis added). *See also, Brown v. Atrium Windows & Doors, Inc.*, 2015 WL 1736982, at *3 (N.D. Tex. Apr. 16, 2015) ("The determination of whether an employee is eligible must be made as of the date leave commences"); *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1310 (S.D. Fla. 2005) (quoting *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 n. 10 (11th Cir. 2004)) (same). "There is no claim under the FMLA when an employee is ineligible at both the time the employee provides notice of her intent to take leave, and the time the leave is to be taken." *Brown*, 2015 WL 1736982, at *3. *See also, Pereda v. Brookdale Senior Living Cmty.'s, Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012) ("An employee has to be both eligible and entitled to FMLA leave on the day her FMLA leave is to commence."). As noted, Colvin admits he would not have become eligible for FMLA leave until November 7, 2015—his 12 month anniversary with Volusion. Dkt. No. 2 at ¶ 24. Colvin alleges that he requested "additional time off for the surgery and his recovery" on an (unstated) date before his scheduled surgery on November 2, 2015. Thus, his leave was to begin on November 2, 2015. Because the regulations dictate that the determination

4

of whether an employee has been employed for 12 months "must be made as of the date the FMLA leave is to start," 29 C.F.R. § 825.110(d), Colvin was not an eligible employee under the FMLA on November 2, 2015. *See Hill v. Walker*, 737 F.3d 1209, 1215 (8th Cir. 2013) (holding that plaintiff was not an eligible employee where she had not been employed for 12 months on the date the requested leave was to begin); *Babcock v. BellSouth Advert. & Publ'g Corp.*, 348 F.3d 73, 77 (4th Cir. 2003) (holding that plaintiff not entitled to FMLA coverage for the leave period requested since she was not an "eligible employee" at that time because she had not yet been employed by the employer for twelve months); *Farrell v. HRI Lodging, Inc.*, 2011 WL 2413467, at *2 (E.D. La. June 10, 2011) ("Thus, an employee who has been employed for less than twelve months is not entitled to leave under the FMLA.").

In his Response Brief, Colvin argues that the FMLA does not permit an employer to preemptively fire an employee who has given notice of leave *even if* the employee was not eligible for leave at the time notice was given. Colvin is only partially correct. While it is true that an employee who puts his employer on notice before becoming eligible for FMLA leave may still be entitled to FMLA leave, the courts have made clear that the employee must be an eligible employee *at the time the requested leave will begin.*[1] In this case, Colvin was not an eligible employee at the

---

[1] *See e.g., Brown*, 2015 WL 1736982, at *3 ("[A]n employee who gives 30 days' notice may be entitled to FMLA leave if the employee would be eligible when the leave will *commence*, even if the employee is not eligible at the time the notice is given."); *Pereda*, 666 F.3d 1269. 1274 (11th Cir. 2012) ("An employee has to be both eligible and entitled to FMLA leave on the day her FMLA leave is to commence."); *Farrell,* 2011 WL 2413467, at *2 (noting that "[a] number of courts have held that an employee who gives 30 days' notice is entitled to FMLA leave if the employee will be eligible when that leave will commence, even if the employee is not eligible at the time the leave is requested."); *Meyer v. Imperial Trading Co.*, 153 F. Supp.2d 839, 841 n. 1 (E.D. La. 2001) (finding that plaintiff was entitled to FMLA leave where she sought leave before becoming eligible but leave would commence after she was eligible).

time he requested leave *or* at the time leave was to begin and, therefore, he was not an eligible employee under the FMLA, and has no FMLA claim. *See Hill,* 737 F.3d at 1215 (rejecting plaintiff's argument that pre-eligibility request should be protected FMLA leave request since plaintiff sought to take leave before she was eligible to take such leave); *Walker*, 379 F.3d at 1253 ("There can be no doubt that [a] request—made by an ineligible employee for leave that would begin when [he] would still have been ineligible—is not protected by the FMLA."); *Farrell,* 2011 WL 2413467, at *2 (rejecting plaintiff's 30 day notice theory since he would not have been eligible for leave on the date leave was to commence). Accordingly, Colvin's interference claim under the FMLA must be dismissed.

### 2. Retaliation Claim

The outcome for the retaliation claim is the same. Because requesting to take FMLA leave before one is eligible to do so is not protected activity under the FMLA, Colvin cannot make out the first element of a prima facie FMLA retaliation claim: that he was protected under the FMLA. *Lanier v. Univ. of Texas Sw. Med. Ctr.*, 527 F. App'x 312, 317 (5th Cir. 2013). Accordingly, Colvin's FMLA retaliation claim should also be dismissed.

### B.   FLSA Retaliation Claim

Colvin alleges that Volusion retaliated against him by firing him in violation of the FLSA, 29 U.S.C. § 215(a)(3), after he complained to his supervisor that Volusion's policies violated the FLSA. Specifically, Colvin alleges that after his supervisor informed him that he must begin using Paid Time Off ("PTO") for any future doctor's appointments "in spite of the fact that Mr. Colvin regularly worked additional hours in excess of the time he took off for his medical care and in excess of 40 hours per week without any additional compensation," he made a complaint to his supervisor

that Volusion was violating the FLSA.  Colvin alleges that he was fired five days later.  The FLSA makes it illegal for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).  In order to make out a prima facie case of retaliation under the FLSA, a plaintiff must allege (1) he participated in protected activity under the FLSA, (2) he experienced an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Hagan v. Echostar Satellite*, L.L.C., 529 F.3d 617, 624 (5th Cir. 2008).  Volusion argues that Colvin has failed to allege facts establishing a prima facie case of FLSA retaliation because he has failed to sufficiently allege he engaged in protected activity or that there was a causal link between his complaint and termination.

### 1. Protected Activity

To demonstrate that he participated in an FLSA protected activity, Colvin must first demonstrate that he filed a complaint.  *Starnes v. Wallace*, 849 F.3d 627, 632 (5th Cir. 2017).  In order for an employee's communication to constitute a complaint the

> employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation [and the] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection.

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  In addition, "such an assertion of rights requires that an employee step outside of his normal job role and assert a right adverse to the company." *Starnes,* 849 F.3d at 632.  An informal oral complaint to the employer can satisfy this standard.  *Kasten*, 563 U.S. at 14.

Colvin alleges that on October 23, 2015, he made a complaint to his supervisor "about what he reasonably in good faith believed were violations of the FLSA." Dkt. No. 2 at ¶ 30. Colvin contends that he filed the complaint after he "researched the issue, felt that he was being singled out, and believed that his supervisor's directive violated the FLSA." *Id.* at ¶ 29. Colvin complains that

> Volusion classified Mr. Colvin as an "exempt" employee, he regularly worked hours in excess of 40 hours a week and hours that more than made up for any time missed at doctors appointments without compensation, he had not before been required to take paid time off for such doctor's or medical appointments, and other salaried employees had not been required to use PTO time for such doctor's appointments.

*Id.* Volusion argues Colvin's allegations fail to allege he filed a protected complaint because "[n]o objectively reasonable person could believe the incredibly common practice of having exempt employees use PTO when they want to be away from work during business hours somehow violates the Fair Labor Standards Act." Dkt. No. 4 at 4. Volusion's argument is misplaced. "The FLSA does not require that a plaintiff successfully prove a claim for overtime under the FLSA, but merely that the plaintiff prove he was engaged in protected activity." *Little v. Techical Specialty Products, LLC,* 940 F. Supp.2d 460, 478 (E.D. Tex. 2013). *See also, Marcotte v. City of Rochester*, 2017 WL 392013, *2 (2nd Cir. 2017) ("It is possible to state an anti-retaliation claim under the FLSA without proving an actual violation of the FLSA.").

In addition, as noted above, the Fifth Circuit only requires that a complaint "be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Starnes*, 849 F.3d at 632. The Court finds that Colvin's allegations meet this standard. *See Little,* 940 F. Supp.2d at 478-79 (holding that plaintiff alleged prima facie case despite failing to show that overtime was illegal where she filed internal oral complaint complaining of policy); *Benge v. Highgate Holdings*,

2010 WL 2680113 at *2-3 (N.D. Tex. July 2, 2010) (finding that plaintiff alleged sufficient factual allegations to withstand motion to dismiss where she voiced concerns over possible illegality of her employer's actions). Moreover, the question at the motion to dismiss stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claims." *Twombly*, 550 U.S. at 583.[2] Colvin's allegations on this issue are sufficient to meet this standard.

### 2. Causal Link

Volusion argues that Colvin has failed to allege sufficient facts showing that there was a causal link between his complaint and his termination. It is incorrect. Colvin's Complaint alleges that "[l]ess than five days" after he complained to his supervisor regarding violations of the FLSA he was terminated. Dkt. No. 2 at ¶ 30. "In this Circuit, temporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015). "[T]he protected act and the adverse employment action [must be] 'very close' in time" to establish causation by timing alone." *Id*. (quoting *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007)). Thus, the Fifth Circuit has determined that a six-and-a-half-week timeframe between a plaintiff's protected activity and an adverse employment action is sufficient to satisfy the causation prong of a prima facie case, *Porter,* 810 F.3d at 949, while a two year period is insufficient to show a causal connection, *Washburn*, 504 F.3d at 511. Courts have found causation for three and four month gaps,

---

[2] Because the motion is brought under Rule 12(b)(6), the court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund,* 594 F.3d at 387. Accordingly, the Court only considered the facts contained in the complaint, and ignored alleged facts referenced by the parties in the motion and responses.

and rejected claims with 20 month gaps. *E.g., Clark County School Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (noting that a three-month or four-month period may be close enough to make a prima facie showing of causation but holding that a twenty-month period was not). *See also, Guillory v. PF & B Mgmt., LP*, 2013 WL 1181439, at *6 (S.D. Tex. Feb. 27, 2013) (finding that a three-day period between the plaintiff filing the lawsuit and his termination was sufficient to raise a question of fact as to causation). Based upon the foregoing, Colvin has alleged sufficient facts to show a plausible causal link between the making of his complaint and his termination five days later. Accordingly, Volusion's Motion to Dismiss the FLSA retaliation claim should be denied.

**C.    The ACA Retaliation Claim**

Finally, Colvin alleges that Volusion retaliated against him under the ACA by firing him after he complained to his supervisor that Volusion's policies violated the ACA. *See* 29 U.S.C. § 218c. The anti-retaliation provision of the ACA, in relevant part, prohibits any employer from discriminating against or discharging any employee because the employee has provided to the employer "information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of this title." 29 U.S.C. § 218c(a)(2). Colvin's allegations in his Amended Complaint clearly state a plausible claim under § 218c(a)(2) of the statute. Specifically, Colvin's Amended Complaint alleges that after he injured his hand and had to rely on Volusion's medical insurance for his medical treatment, "he ran into issues relating to Volusion's health insurance policy that caused him to reasonably believe that the policy did not comply with the Affordable Care Act." Dkt. No. 2 at ¶ 38. Specifically, Colvin alleges that he discovered Volusion's health insurance policy "appeared to impose an 11 month 'year' for certain coverage issues rather than a normal, full 12-month year, and effectively required employees to meet

their deductibles and maximum out of pocket payout over 11 months, rather than a full calendar year." *Id.* at ¶ 39. Colvin alleges that he objected to these issues to management including stating "his reasonable belief that the Volusion health insurance policy violated the ACA" and his belief that "other aspects of Volusion's health insurance and its administration violated the law, including failing to coordinate benefits with Mr. Colvin's prior medical insurance company and unauthorized disclosure of personal health information." *Id.* at ¶ 40. Colvin alleges that after he complained to Volusion management about these policies he was terminated.

Volusion argues that Colvin's allegations are insufficient to state a plausible claim for relief because his complaints that Volusion's policies violated the ACA were not "objectively reasonable." It also challenges the sufficiency of his pleadings that his complaints were the cause of his termination. On the first point, the ACA does not require that the complaint be objectively reasonable, but rather that "the employee reasonably believes" that the policy violated the ACA. 29 U.S.C. § 218c(a)(2). The Court finds that Colvin's allegations meet this standard. Volusion appears to be arguing that Colvin must demonstrate a violation of the ACA in order to allege a prima facie case of retaliation under the ACA. However, like all of the other federal anti-retaliation statues, the plain language of the statute does not require such. *See Monohon v. BNSF Railway Co.*, 2016 WL 7426581, * 4 (S.D. Iowa May 11, 2016) (citing ACA and rejecting defendant's argument that anti-retaliation statute required plaintiff to prove violation of the underlying statute, noting that "the Court cannot find any federal whistleblower or retaliation statute interpreted to require plaintiff's reports to be correct."). Colvin's allegations are sufficient to show a plausible claim that he engaged in protected activity under the ACA to withstand a motion to dismiss under Rule 12(b)(6).

With regard to Volusion's criticism of the pleading of a causal link between Colvin's complaint regarding the ACA and his termination, Volusion is on better footing. Colvin's Amended Complaint does not allege the specific date that he complained to his supervisors regarding the alleged violations of the ACA, nor does he plead any other specific facts from which the Court could reasonably infer that the termination was connected to his complaint. Accordingly, the undersigned recommends that the district judge order Colvin amend his complaint to address this deficiency before dismissing the ACA claim.

## IV. RECOMMENDATION

In light of the foregoing the undersigned **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendant's 12(b)(6) Partial Motion to Dismiss (Dkt. No. 4). The Court **RECOMMENDS** that the District Court **GRANT** the motion with regard to Colvin's claims under the Family and Medical Leave Act, but **DENY** the Motion with regard to all other claims. The Court further **RECOMMENDS** that the District Court order Plaintiff to file by a date certain an amended complaint repleading his claim under the Affordable Care Act to state with more specificity the facts supporting the causal connection between his firing and his complaint under the ACA.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE